Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

No. 16-09-33430-MCV

| | | |
|---|---|---|
| LLADISA MARTINEZ, Individually And As Next Friend of ~~MONICA MARTINEZ, MAKAYLA JIMENEZ, VINCE JIMENEZ & ERICK JIMENEZ~~ Minor Children<br><br>Plaintiffs<br><br>VS.<br><br>WERNER ENTERPRISES, INDIVIDUALLY AND SELVIN S. MARTIN<br><br>Defendants | §§§§§§§§§§§§§§§§ | IN THE DISTRICT COURT<br><br>COPY<br><br>293rd JUDICIAL DISTRICT<br><br>MAVERICK COUNTY, TEXAS |

## PLAINTIFFS' FIRST AMENDED ORIGINAL PETITION AND REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE AND JURY OF THE COURT:

NOW COME Plaintiffs LLADISA MARTINEZ sometimes referred to as "LLADISA", Individually and As Next Friend of Minor Plaintiffs ~~MONICA MARTINEZ~~, hereinafter "~~MONICA~~" ~~MAKAYLA JIMENEZ~~, hereinafter "~~MAKAYLA~~", ~~VINCE JIMENEZ~~, hereinafter "~~VINCE~~" and ~~ERICK JIMENEZ~~, hereinafter ~~ERICK~~ and the five sometimes collectively referred to as "Plaintiffs" complaining of WERNER ENTERPISES hereinafter referred to as "WERNER" and its employees, partners, drivers and/or agents, and/or representatives, including SELVIN S. MARTIN hereinafter referred to as "MARTIN" and the two sometimes collectively referred to as "Defendants" and for numerous causes of action as hereinafter stated, would respectfully show unto the Judge and Honorable Jury, by a preponderance of the credible evidence, as follows, to-wit:

1. **DISCOVERY LEVEL**

Pursuant to the Texas Rules of Civil Procedure, discovery in this matter should be conducted under Level 3, VTCS.

2. **PARTIES**

Plaintiffs are individuals and residents of Eagle Pass, Maverick County, Texas.



Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Defendant WERNER ENTERPRISES is a Texas corporation registered to do business in the State of Texas. Service of process may be effectuated by serving said business through its registered agent, John Vidaurri, 8601 Peterbilt Avenue, Dallas, Texas 75241 and by serving the following individual to wit: The Texas Secretary of State Carlos H. Cascos at the office of the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

Defendant SELVIN S. MARTIN is an individual and resident of Stockbridge, GA. Service of process may be effectuated by serving the following individual to wit: The Texas Secretary of State Carlos H. Cascos at the office of the Texas Secretary of State, P.O. Box 12079, Austin, Texas 78711-2079.

3. MISNOMER / ALTER-EGO

In the event any parties are misnamed or not included herein, it is Plaintiffs contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein.

4. JURISDICTION AND VENUE

Venue is proper pursuant to Section 15.002(a) of the Texas Civil Practice & Remedies Code in that all or a substantial part of the events or omissions giving rise to the Plaintiffs' claims occurred in Maverick County, Texas.

5. NATURE OF CAUSE

Plaintiffs bring this cause of action to recover damages for personal injuries and other damages sustained by them and arising out of a vehicle and truck-tractor collision which occurred on or about September 5, 2014.

6. FACTS

On September 5, 2014, Plaintiffs were traveling southbound on the 2300 block of Del Rio Blvd in the inside turning lane. Defendant MARTIN was also traveling southbound on the turning lane and collided with Plaintiffs vehicle. Plaintiffs will further show that Defendant was traveling in a non-turning lane for tractor trailers. The negligence of the Defendants was the sole proximate cause of the

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

violent collision. Defendant MARTIN was operating the tractor-trailer in an imprudent, reckless and careless manner in that he reversed the tractor-truck without safely doing so. Plaintiffs would show that nothing Plaintiffs did or failed to do was negligent or contributed in any way to the violent collision and injuries and damages made the basis of this suit.

7. RESPONDEAT SUPERIOR

At the time of the incident described herein, Defendant MARTIN was the agent, servant and/or employee of WERNER ENTERPRISES and was acting within the course and scope of his employment as agent, servant and/or employee of Defendant WERNER ENTERPRISES. Defendant MARTIN was operating the tractor and pulling the trailer with the knowledge, consent and actual permission and/or implied permission of Defendant WERNER ENTERPRISES. Therefore, the Defendants WERNER ENTERPRISES and MARTIN are joint and severally liable for all of the Plaintiffs' damages under the *Doctrine of Respondeat Superior* since the negligence of WERNER ENTERPRISES' employees, agents or representatives was a proximate cause of the injuries and damages described herein.

8. AGENT

In addition to and without waiving the foregoing, Plaintiff would show that at the time of the incident mentioned herein, Defendant MARTIN was the agent of Defendant WERNER ENTERPRISES and was acting within the course and scope of his implied and/or express authority as such agent. Therefore, Defendant MARTIN and Defendant WERNER ENTERPRISES are joint and severally liable for Plaintiffs' damages under the *Doctrine of Respondeat Superior.*

9. JOINT-VENTURE/JOINT-ENTERPRISE

At all times mentioned herein, the Defendants WERNER ENTERPRISES and MARTIN were engaged in a joint-venture enterprise in that Defendant MARTIN was in route to further the business of Defendants WERNER ENTERPRISES and MARTIN, Individually. Each of them shared control of the tractor and trailer at the time of the incident described herein. MARTIN by actually operating

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

the tractor and WERNER ENTERPRISES by planning his course of travel and destination and directing the former as to the route and times to be followed in furtherance of their mutual enterprise. Further, among other things, they had an agreement regarding the enterprise or endeavor in question (i.e., MARTIN's trip on September 5, 2014; a common purpose and a common business and pecuniary interest in the enterprise). Therefore, Defendants MARTIN and WERNER ENTERPRISES are joint and severally liable for all of the Plaintiffs' damages.

10. NEGLIGENCE (MARTIN)

Plaintiffs would show that on the occasion in question, Defendant MARTIN was negligent in numerous and various acts and omissions, including but not limited to the following, said negligence being a direct and proximate cause of the horrific incident in question, to wit:

1. In failing to keep a proper lookout;
2. In operating the tractor-trailer in a manner which posed a danger to the traveling public;
3. In failing to properly operate the tractor-trailer in order to avoid the incident in question;
4. In failing to take evasive action in order to avoid the incident;
5. In failing to maintain proper control of his tractor-trailer;
6. In operating the tractor-trailer in an exhausted and un-alert physical and mental state of being knowing that it was unsafe to do so;
7. In operating the tractor-trailer against the rules and regulations of the Texas Department of Public Safety;
8. In operating the tractor-trailer in an un-alert state of being while being occupied by a cellular telephone call;
9. In driving the vehicle in willful and wanton disregard for the safety of persons or property in violation of Texas Transportation Code § 545.401, VTCS;
10. In failing to prudently maintain an assured clear distance between his tractor-trailer combination and Plaintiffs; and
11. In making a left turn from a non-turning lane for tractor trailers.

Each and all of the above and foregoing acts, both of omission and commission were negligent and constituted negligence, and were each and all, independently and/or concurrently a proximate cause

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

of the serious personal and permanent injuries suffered by Plaintiffs which are the basis of this suit for damages.

11. <u>NEGLIGENCE PER SE (MARTIN)</u>

Plaintiffs would further show that Defendant MARTIN was negligent per se as a matter of law in driving his tractor upon a roadway/highway in a reckless manner and in not driving on the right side of the roadway, to-wit:

1. Transportation Code § 545.401, VTCS states: "A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property;

2. In failing to inspect the equipment on the occasion in question prior to operations as required by the Federal Motor Carrier Regulations, 49 C.F.R. §§ 391.11(14), 392.7, 392.8, 392.9, 393.40, 393.41, 393.75, 393.78, 393.80 and 393.81;

3. In operating the tractor-trailer combination without having taken and/or passed the required road/written tests and other examinations required of commercial truck drivers in violation of the Federal Motor Carrier Regulations, 49 C.F.R. § 391.31;

4. In operating the tractor-trailer on the occasion in question without possessing the requisite knowledge of the safety regulations promulgated by the Federal Motor Carrier Regulations, 49 C.F.R. § 392.1;

5. In operating the tractor-trailer on the occasion in question without having taken or passed the road/written tests required and/or mandated by the Federal Motor Carrier Regulations, 49 C.F.R. § 391.31;

6. In working in excess of the hours permitted by the law and as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 395;

7. In operating the tractor-trailer on the occasion in question during a period when was experiencing illness or fatigue, in violation of the law as set fourth by the Federal Motor Carrier Regulations, 49 C.F.R. §§ 391 and 392;

8. In failing to report the collision made the basis of this lawsuit as required by the Federal Motor Carrier Regulations, 49 C.F.R. §§ 394.1;

9. In failing to preserve and maintain log books and supporting documents for the time period required by the Federal Motor Carrier Regulations, 49 C.F.R. § 395;

10. In operating the tractor-trailer combination on the occasion in question without being properly qualified to do so;

11. In violating various rules and regulations promulgated by Section 545 *et seq.* of the Texas Transportation Code and the Federal Motor Safety Regulations, 49 C.F.R § 383, 390-399, *et seq.*; and,

5

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

12. In some manner unknown to the Plaintiffs at this time, as the instrumentality causing the injuries was under the exclusive control of MARTIN and WERNER ENTERPRISES as are various documents not available for review by virtue of these Defendants' failure to maintain same, including, without limitation, driver log books and other notes and documents.

The purpose of Texas Transportation Code VTCS §§ 545.103, 545.104(a)(b), 545.151, 545.152 and 545.401 and the Federal Motor Safety Regulations 49 C.F.R §§ 391.11(14), 392.7, 392.8, 392.9, 393.40, 393.41, 393.75, 393.78, 393.80, 393.81, 391.31, 392.1, 391.31, 395, 391, 392, 394.1, 395, 383 and 390-399 are to regulate the safe speed and travel of traffic on off of streets, roadways, parking lot and public highways and their provisions were intended to inter alia, protect persons from injurious incidents and death.

Plaintiffs were among those persons intended to be protected by Vernon's Texas Civil Statutes, Texas Transportation Code §§ 545.103, 545.104(a)(b), 545.151, 545.152 and 545.401 and the Federal Motor Safety Regulations, 49 C.F.R §§ 391.11(14), 392.7, 392.8, 392.9, 393.40, 393.41, 393.75, 393.78, 393.80, 393.81, 391.31, 392.1, 391.31, 395, 391, 392, 394.1, 395, 383 and 390-399. Defendant MARTIN failed to comply with the provisions of said statutes and regulations and the violations constitute and Defendant MARTIN is accordingly guilty of negligence per se, as a matter of law. Plaintiffs reserve the right to amend this petition upon the discovery of further statutory and regulatory violations.

12. <u>NEGLIGENCE & NEGLIGENCE PER SE ENTRUSTMENT AND HIRING WERNER ENTERPRISES)</u>

In addition to and without waiving the foregoing, Plaintiffs would show that at the time of the incident in question, Defendant WERNER ENTERPRISES maintained control, along with MARTIN, over the tractor and trailer Defendant MARTIN was operating. On and before September 5, 2014, Defendants WERNER ENTERPRISES were negligent in hiring, employing entrusting and supervising Defendant MARTIN and in providing a dangerous instrument eg. the tractor and trailer, to Defendant MARTIN for the purpose of operating same on the public streets and highways of Texas in furtherance of Defendant WERNER ENTERPRISES' business and profits. Thereafter, Defendant MARTIN operated the tractor and pulled the trailer with the full knowledge, consent and permission of

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Defendant WERNER ENTERPRISES. At all times herein, MARTIN was incompetent and unfit to safely operate a tractor and trailer on and of the public streets and highways of any state or country in that MARTIN was a reckless, incompetent and an unfit driver and WERNER ENTERPRISES knew, or in the exercise of due diligent knowledge and care, should have known that MARTIN was an incompetent, reckless and an unfit driver and that he would create an unreasonable risk and danger to persons and property on the public streets and highways of Texas in that MARTIN was a reckless, incompetent and unfit driver.

In addition, WERNER ENTERPRISES was negligent in various acts and omissions, including but not limited to the following, to-wit:

1. In the hiring of Defendant MARTIN;

2. In failing to properly investigate Defendant MARTIN's driving ability, prior employment history and driving history;

3. In failing to properly train Defendant MARTIN to drive WERNER ENTERPRISES tractors and pull trailers in a safe and prudent manner;

4. In failing to properly supervise Defendant MARTIN to ensure that he would operate Defendant WERNER ENTERPRISES tractors and pull trailers in a safe and prudent manner;

5. In failing to make a prudent inquiry into the driving competency of Defendant MARTIN;

6. In failing to ensure Defendant MARTIN would comply with § 395.8 of the FMCSR, US Department of Transportation and CFR, Chapter 3, Title 49;

7. In the reckless employment of Defendant MARTIN;

8. In allowing the tractor driven by Defendant MARTIN to be operated on the public roads and highways in a manner that posed a danger to the traveling public;

9. In failing to properly investigate the driving ability, prior employment history and driving record of Defendant MARTIN;

10. In entrusting the vehicle driven by Defendant MARTIN on the occasion in question in that MARTIN was an unskilled, incompetent and reckless driver, of which WERNER ENTERPRISES and DG LOGISTICS, LLC knew or through the exercise of ordinary care, should have known;

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

11. In allowing the WERNER ENTERPRISES tractor-trailer to have been operated on the occasion in question by an individual, i.e., MARTIN, who did not possess the requisite level of knowledge regarding the safety regulations promulgated by the Federal Motor Carrier Regulations relating to commercial truck drivers and trucking operations and in failing to implement and have in place procedures to prevent same from occurring;

12. In allowing the WERNER ENTERPRISES tractor-trailer to have been operated on the occasion in question by an individual, i.e., MARTIN, who was not properly qualified to operate such tractor-trailer;

13. In allowing the WERNER ENTERPRISES tractor-trailer to have been operated by MARTIN on the occasion in question without MARTIN having taken and/or passed road or written tests or other examinations;

14. In allowing the WERNER ENTERPRISES tractor-trailer to have been operated on the occasion in question by an individual, i.e., MARTIN, who was working an excessive amount of hours prior to the collision in question, in violation of the applicable law and in failing to implement and have in place procedures to prevent the violation of the law of hours from occurring;

15. In allowing the WERNER ENTERPRISES tractor-trailer to have been operated on the occasion in question by an individual, i.e., MARTIN who was experiencing illness or fatigue and in failing to implement and have in place procedures to prevent fatigued drivers from being mandated to operate tractor.

16. In failing to implement and have in place procedures to ensure the proper reporting of vehicular incidents in accordance with the applicable law;

17. In failing to preserve and maintain driver log books and supporting documents, and in failing to implement and have in place procedures to ensure WERNER ENTERPRISES employees, including MARTIN, be required to preserve such documents in accordance with the applicable law;

18. In some manner unknown to the Plaintiffs at this time, as the instrumentality causing the injuries was under exclusive control of MARTIN and WERNER ENTERPRISES as are various documents not available for review by virtue of these Defendants' failure to maintain same, including, without limitation, driver log books and other notes, documents and correspondence regarding MARTIN' trip on September 5, 2014, which may reveal further statutory violations and other acts of negligence on the part of these Defendants.

Each and all of the above foregoing acts, both omissions and commission, were negligent and constituted negligence and were each and all, independently and/or concurrently a contributing proximate cause of the collision and damages made the basis of this suit.

As alluded to above, WERNER ENTERPRISES was also negligent per se on the occasion in question by failing to comply with the various regulations set forth in the Federal Motor Safety

8

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Regulations, 49 C.F.R. § 383, 390-399, *et seq.* including without limitation, in the following ways, where no exceptions applied, to wit:

1. In failing to investigate the driving record of MARTIN as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 391.23;

2. In failing to investigate the employment history of MARTIN as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 391.23;

3. In failing to administer the driving/written and other tests and examinations as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 391.31;

4. In employing a driver, MARTIN, who was not knowledgeable of the safety regulations as required by the Federal Motor Carrier Regulations, 49 C.F.R. § 392.1;

5. In allowing the WERNER ENTERPRISES tractor-trailer to have been operated on the occasion in question by an individual, MARTIN, who was not qualified to operate such tractor-trailer, in violation of the Federal Motor Carrier Regulations, 49 C.F.R § 391;

6. In failing to maintain WERNER ENTERPRISES tractor-trailer in question as required by the Federal Motor Carrier Regulations, 49 C.F.R. §§ 391, 392 and 396;

7. In failing to require MARTIN to observe the regulations required by the Federal Motor Carrier Regulations, 49 C.F.R. § 390.11 and/or aided and abetted the violation in contravention of 49 C.F.R. § 390.13;

8. In failing to preserve and maintain log books and supporting documents as required by the Federal Motor Carrier Regulations and in failing to implement and have in place procedures to ensure that log books and supporting documents were maintained for the time period required by law; 49 C.F.R. § 395.8;

9. In allowing their vehicle to have been operated on the occasion in question by an individual, MARTIN, who was experiencing illness or fatigue and in failing to implement and have in place procedures to prevent same from occurring in violation of the Federal Motor Carrier Safety Regulations, 49 C.F.R., §§ 391 and 392;

10. In failing to require MARTIN to observe the regulations required by the Federal Motor Carrier Regulations, 49 C.F.R. § 390.11 and/or aided and abetted the violation in contravention of 49 C.F.R. § 390.13 (such as by failing to have MARTIN' file correct logs and not work in excess of the maximum allowed hours required in 49 C.F.R. §§ 395.3 and 395.8);

11. In failing to implement and have in place procedures to ensure the proper reporting of accidents in accordance with the Federal Motor Regulations, 49 C.F.R. § 394.1;

12. In failing to have procedures in place to ensure that their vehicles would be inspected by their drivers prior to operations, as required by the Federal Motor Carrier

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Regulations, 49 C.F.R. §§ 391.11(14), 392.7, 392.8, 392.9, 393.40, 393.41, 393.75, 393.78, 393.80 and 393.81; and,

13. In some manner unknown to the Plaintiffs at this time, as the instrumentality causing the injuries was under the exclusive control of MARTIN and WERNER ENTERPRISES as are various documents not available for review by virtue of these Defendants' failure to maintain same, including, without limitation, driver log books and other notes, documents and correspondence regarding MARTIN' trip on September 5, 2014 which may reveal further statutory violations and other acts of negligence on the part of these Defendants.

Each and all of the foregoing acts, both of omissions and commission, were negligent and negligent per se and constituted negligence and negligence per se and were each and all, independently and/or concurrently a contributing proximate cause of the injuries and damages complained of herein.

Plaintiffs were among those persons intended to be protected by the statutes and regulations referenced above. As such, the failure of WERNER ENTERPRISES to comply with the provisions of the foregoing rules, regulations and statutes constitutes negligence per se, as a matter of law.

13. GROSS NEGLIGENT HIRING (WERNER ENTERPRISES)

The conduct of Defendants WERNER ENTERPRISES described in Paragraph 12 above constitutes gross negligence in the entrustment, hiring, employing and the maintaining in employment of Defendant MARTIN for the reason that it was in heedless and reckless disregard of the rights and welfare of persons likely to be affected by WERNER ENTERPRISES's conduct, including the Plaintiffs. Defendant WERNER ENTERPRISES was at all times in the exclusive position to determine the competency and fitness of its Defendant agent, representative, vice-principal, employee-driver MARTIN. As a result of such heedless and wanton investigation, hiring and supervision of Defendant MARTIN driving competency and ability, Defendant WERNER ENTERPRISES is guilty of gross negligent employment and the hiring of MARTIN and accordingly Plaintiffs are entitled to and hereby sue for exemplary or punitive damages which the Jury, in its discretion, may award as they deem proper and just.

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

14. DAMAGES AMOUNT

Plaintiffs would show that all of the damages complained of were proximately caused by the acts and omissions of Defendants. The damages sought by Plaintiffs are in an amount within the jurisdictional limits of the Court. Pursuant to Rule 47(c)(4) of the Texas Rules of Civil Procedure Plaintiffs seek monetary relief over $200,000.00 but not more than $1,000,000.00. Plaintiffs reserve the right to amend the range of monetary relief being sought as discovery progresses in this case.

15. PERSONAL INJURY DAMAGES

Plaintiffs would show that as a proximate cause of the negligence of the Defendants, they have suffered serious and permanent injuries to their bodies. In all reasonable probability, Plaintiffs will suffer for a long time into the future, if not for the balance of their natural lives. The injuries have had a serious effect on Plaintiffs' health and well-being. Some of these ill effects are permanent and will abide with the Plaintiffs long into the future. Plaintiffs' ill effects have, in turn, caused their physical and mental conditions to deteriorate generally so that the specific injuries and ill effects alleged have caused and will in all reasonable probability cause them to suffer the consequences and ill effects of such deterioration throughout their bodies long into the future, if not for the balance of their natural lives for which Plaintiffs hereby sue the Defendants in an amount the jury deems just and fair.

16. SPECIFIC DAMAGES

Plaintiff LLADISA would show that as a result of the above-described injuries, she has suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; (d) a loss of wages and a loss of wage earning capacity in the past and future; and, (e) necessary and reasonable medical expenses in the past and in the future. These past expenses were incurred for the necessary care and treatment of Plaintiff's injuries resulting from the incident complained of herein and the charges were reasonable and customary in the areas of Maverick County and Bexar County. As a further result of the physical

11

Case 2:16-cv-00185-AM Document 9-1 Filed 12/08/16 Page 12 of 15

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

injuries sustained by Plaintiff LLADISA, there is a reasonable probability that she will incur additional necessary expenses for medical care and attention in the future, all for which the Plaintiff hereby sues the Defendants in an amount within the jurisdictional limits of the Court.

Plaintiff LLADISA, Individually and As Next Friend of Minor Plaintiff [REDACTED] would show that as a result of the above described injuries, she has suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; and, (d) necessary and reasonable medical expenses in the past and in the future. These past expenses were incurred for the necessary care and treatment of Minor Plaintiff's injuries resulting from the incident complained of herein and the charges were reasonable and customary in the areas of Maverick County and Bexar County. As a further result of the physical injuries sustained by Minor Plaintiff, there is a reasonable probability that she will incur additional necessary expenses for medical care and attention in the future, all for which the Plaintiff hereby sues the Defendants in an amount within the jurisdictional limits of the Court.

Plaintiff LLADISA, Individually and As Next Friend of Minor Plaintiff [REDACTED] would show that as a result of the above described injuries, she has suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; and, (d) necessary and reasonable medical expenses in the past and in the future. These past expenses were incurred for the necessary care and treatment of Minor Plaintiff's injuries resulting from the incident complained of herein and the charges were reasonable and customary in the areas of Maverick County and Bexar County. As a further result of the physical injuries sustained by Minor Plaintiff, there is a reasonable probability that she will incur additional necessary expenses for medical care and attention in the future, all for which the Plaintiff hereby sues the Defendants in an amount within the jurisdictional limits of the Court.

Plaintiff LLADISA, Individually and As Next Friend of Minor Plaintiff [REDACTED] would show that as a result of the above described injuries, he has suffered: (a) conscious physical and

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; and, (d) necessary and reasonable medical expenses in the past and in the future. These past expenses were incurred for the necessary care and treatment of Minor Plaintiff's injuries resulting from the incident complained of herein and the charges were reasonable and customary in the areas of Maverick County and Bexar County. As a further result of the physical injuries sustained by Minor Plaintiff, there is a reasonable probability that he will incur additional necessary expenses for medical care and attention in the future, all for which the Plaintiff hereby sues the Defendants in an amount within the jurisdictional limits of the Court.

Plaintiff LLADISA, Individually and As Next Friend of Minor Plaintiff ███████████ would show that as a result of the above described injuries, he has suffered: (a) conscious physical and mental pain and anguish in the past and future; (b) physical impairment in the past and future; (c) disfigurement in the past and future; and, (d) necessary and reasonable medical expenses in the past and in the future. These past expenses were incurred for the necessary care and treatment of Minor Plaintiff's injuries resulting from the incident complained of herein and the charges were reasonable and customary in the areas of Maverick County and Bexar County. As a further result of the physical injuries sustained by Minor Plaintiff, there is a reasonable probability that he will incur additional necessary expenses for medical care and attention in the future, all for which the Plaintiff hereby sues the Defendants in an amount within the jurisdictional limits of the Court.

17. PROPERTY DAMAGE

Plaintiff LLADISA would further show that she incurred expenses for the property damage, diminished value and loss of use of her vehicle as a result of Defendants negligence for which she hereby sue the Defendants.

18. PRE-JUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs further allege that Plaintiffs are entitled to recover pre-judgment and post-judgment interest at the legal rate as provided by Section 304.001 *et. seq.* of the Texas Finance Code, VTCS.

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

19. U.S. LIFE TABLES

**NOTICE** is hereby given to the Defendants that Plaintiffs intend to use the US Life Tables as prepared by the Department of Health and Human Services, the Gamboa Gibson Worklife Tables and the American Medical Association Impairment Rating (Publication V and/or VI).

20. PROCEDURAL MATTER

Plaintiffs are not intending to and are not in fact asserting any claims or causes of action pursuant to federal law, via the Constitution, treaties or laws of the United States, or elsewhere. In no way are Plaintiffs seeking relief under any federal law or source of any kind. Plaintiffs are relying wholly upon state law. Moreover, as at least one of the Defendants is a citizen of the State of Texas, this action is not properly removable pursuant to 28 U.S.C. § 1441(b), which permits removal of an action in which there is complete diversity of citizenship only if *none* of the defendants is a citizen of the state in which the action is brought.

## REQUEST FOR DISCLOSURES

Plaintiffs request Disclosures from Defendants pursuant to Rule 194, Texas Rules of Civil Procedure, VTCS.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that all the Defendants be cited to appear and answer herein, that upon a final trial of this cause, Plaintiffs recover judgment against Defendants, joint and severally, for all Plaintiffs' damages as set forth herein; that Plaintiffs recover pre-judgment and post-judgment interest at the legal rate, costs of court and for such other and further relief to which Plaintiffs may be entitled under equity and in law.

Electronically Filed at
11/2/2016 3:50:40 PM
Leopoldo Vielma, District Clerk
Maverick County, Texas
By: Lizeth Perez, Deputy

Respectfully Submitted,

THE HERRING LAW FIRM, PC.
505 Quarry Street
Eagle Pass, Texas 78852
Telephone: (830) 757-5879
Facsimile: (830) 757-4333

By: _____
EARL M. HERRING
State Bar No. 09534140
KIMBERLY D. CANTU
State Bar No. 24038013

ATTORNEYS FOR PLAINTIFFS

## JURY DEMAND

NOW COME the Plaintiffs in the above-styled and numbered cause and with all respect request a trial by a fair and impartial Court and Jury as is guaranteed by the United States of America and the State of Texas Constitutions.

_____
EARL M. HERRING